# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERIC CONRAD DAVIDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:12-cv-02101-LSC |
| | ) |
| WARDEN WADE KIZZIRE and THE | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus brought by a person incarcerated in a State of Alabama Correctional Facility following his conviction for first degree attempted assault in Jefferson County Circuit Court. *See* 28 U.S.C. § 2254. (Doc. 1).[1] The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) for preliminary review. Upon consideration, the court finds that the petition is due to be dismissed because it is barred by the applicable statute of limitations.

## BACKGROUND

The petitioner, Eric Conrad Davidson, was convicted of first degree attempted assault on September 25, 2000, on his plea of guilty. He was sentenced to twenty years in prison. (Doc. 6-1 (Ex. A) at 13, 16 of 84).[2][3]

---

[1] References herein to "Doc. ___" are to the numbers assigned each document by the Clerk of the Court.

[2] References herein to "Ex. ___" are to the exhibits submitted by the respondents, located at document 6 in the Court's record.

[3] As background, the court notes that the petitioner was originally charged with Attempted Murder, as well as other charges, and tried before a jury on February 14, 2000. "Just as the jury was about to retire for deliberations, the [petitioner] began yelling to the jury and ultimately caused a mistrial of his case." (Doc. 6-1 at 17). The case was rescheduled and, at the appointed trial time, he entered a plea of guilty premised on an agreement with the prosecution on the charge of first degree

Davidson did not appeal his conviction and sentence to the Alabama Court of Criminal Appeals.  He did file a post-conviction challenge to his plea and sentence pursuant to ALABAMA RULE OF CRIMINAL PROCEDURE 32 on September 2, 2009.  (Doc. 6-1 at 27).  It is deemed filed on the date it was mailed – August 21, 2009.[4]  (*Id*. at 35).  The petitioner alleges (1) his plea was unlawfully induced and not voluntarily and understandingly entered, (2) his Fifth Amendment privilege against self incrimination was violated, (3) he was denied effective assistance of counsel, (4) the trial court was without jurisdiction to accept his plea and imposed a sentence, and (5) he failed to timely appeal through no fault of his own.  (*Id*. at 31-33).  The petitioner offered a memorandum and additional exhibits in support of his petition.  (*Id*. at 35-52).  In the conclusion of his petition, Davidson alleged that he was never arraigned on the criminal charge.  (*Id*. at 41).

The State filed a motion to dismiss the petition.  (*Id*. at 57-61).  Included in the motion was evidence showing that the petitioner was arraigned.  (*Id*. at 64).  The petitioner filed objections to the motion and requested an evidentiary hearing.  (*Id*. at 65-70).  The trial judge denied and dismissed the petition on February 17, 2010.  He ruled that the petition was due to be denied because it was outside the statute of limitations, the issues should have been raised at trial or on appeal, Davidson received effective assistance of counsel, and the court had jurisdiction over the petitioner because he was duly arraigned and entered a plea of guilty in the matter.  (*Id*. at 17-22).  Davison appealed the denial of relief to the Alabama Court of Criminal Appeals.  (*Id*. at 77-80).

---

attempted assault  (*Id*.)

[4]Affording the petitioner every benefit, the court has used the mailing date on the petition.  *See Houston v. Lack*, 487 U.S. 266 (1988).

The Court of Criminal Appeals affirmed the trial court on July 30, 2010, in a lengthy, unpublished opinion. (Doc. 6-2 (Ex. B)). A certificate of judgment was issued on August 18, 2010. (Doc. 6-3 (Ex. C)).

On June 7, 2012, the Clerk of this Court received the present petition. (Petition at p. 1).[5] It was executed by the petitioner on May 25, 2012. (*Id*. at 6). In the petition, he alleges that (1) the state court was without jurisdiction to render judgment or impose a sentence, (2) his guilty plea was unlawfully induced because he did not understand the "nature of the charge or the consequences," (3) the conviction is illegal in that he never committed the offense and he was pressured into pleading guilty, and (4) the plea was premised on inadequate legal advice. (*Id*. at 5). The respondents were required by this court to appear and show cause why the requested relief should not be granted. (Doc. 4). In response to the court's order, the respondents filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Answer).[6] The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. (Doc. 4). The petitioner has filed a response in opposition to the respondents' answer asserting that he is entitled to relief on the merits. (Doc. 10). The matter is ripe for review.

## DISCUSSION

AEDPA, which was effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part,

---

[5] The petition is located at document 1 in the file.

[6] The answer is located at document 6, and includes the exhibits referenced herein .

3

as follows:

>   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Davidson's conviction became final on November 6, 2000, when the forty-two day period for filing an appeal with the Alabama Court of Criminal Appeals lapsed. *See* ALA. R. APP. P. 4. Accordingly, he had until November 6, 2001, to file his petition with this court. He did not. His time for filing lapsed at that time absent some exception to the general rule.

Section 2244(d)(2), as noted above, does provide that the time during which a properly filed application for State post-conviction petition is pending is not counted against the statute of limitations. The petitioner did file his post-conviction petition until August 21, 2009. However,

that petition was not "properly filed" because it was not within the two-year period following a direct appeal or the conviction becoming final. *See* ALA. R. CRIM. P. 32.2(c). In fact, it was approximately six years and nine months after expiration of the two-year period of limitations that it was filed. Equally important, it was filed after the one-year federal statute expired on November 6, 2001, by over seven and one-half years.

Thus, the present petition is beyond the one year statute of limitations. Accordingly, it is barred from further review by this court.[7]

The petitioner has not asserted that he is actually innocent of the crime of conviction.[8] *See Ray v. Mitchem*, 272 F. App'x 807, 2008 WL 887379 at *3 (11th Cir. 2008) (stating that "[t]o meet the 'threshold showing of innocence' in order to justify 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.' *Id*. at 317, 115 S. Ct. 851. ' "[A]ctual innocence" means factual innocence, not mere legal insufficiency.' *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)") (unpublished). Regardless, no new evidence in the record supports such a finding. Additionally, the petitioner has also not alleged anything showing that he is entitled to equitable tolling. *See Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006). Nothing in the record supports such a conclusion. His claims, therefore, must be deemed barred.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, the undersigned **RECOMMENDS** that the petition for a writ of habeas

---

[7] Even if the Rule 32 petition were "properly filed," and the limitations period ran from the affirmance, the federal petition was still filed outside the one year period as the petitioner waited from issuance of the certificate of judgment on August 18, 2010 (Doc. 6-3 (Ex. C)), until May 25, 2012, to mail the present petition (Petition at 6) – approximately one year and eight months.

[8] He does assert that "he is innocent of the alleged charge of 'attempt [sic] murder' and that his conviction is illegal." (Doc. 10 at 2 of 33).

5

corpus be dismissed with prejudice.

Any party may file specific written objections to this report within fourteen (14) days of the date it is filed in the office of the Clerk.  Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain.  Frivolous, conclusive, or general objections will not be considered by the District Court.  Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  **It is not necessary for the petitioner to repeat his legal arguments.  As to the facts, if the petitioner does respond, he should limit himself to addressing the statements of fact contained in the report and recommendation to which he objects.  The right to file objections is not an opportunity to make new allegations or to submit additional evidence.**  A copy of the objections must be served upon all other parties to the action.

The Clerk is **DIRECTED** to serve a copy of this Report and Recommendation upon the petitioner at his last known address and counsel for the respondents.

**DONE**, this the 18th day of February, 2014.

*/s/ John E. Ott*
**JOHN E. OTT**
United States Magistrate Judge

6