# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERIC CONRAD DAVIDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   2:12-cv-02101-LSC-JEO |
| | ) |
| WARDEN WADE KIZZIRE, | ) |
| ALABAMA DEPARTMENT OF | ) |
| CORRECTIONS, and THE ATTORNEY | ) |
| GENERAL OF THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

This case is before the court on the Report and Recommendation of the magistrate judge (doc. 17) and Petitioner's objections thereto (docs. 19 and 20).[1] In his objections, Petitioner appears to argue that he is entitled to file his § 2254 petition outside of the statute of limitations period because the underlying challenge to his sentence is jurisdictional, and thus may be raised at anytime. (Doc. 19 at 2, Doc. 20 at 3).

At the outset, the court would recognize that any characterization by the Alabama courts regarding whether any of Petitioner's claims is considered "jurisdictional" under state law is immaterial to whether such claims are subject to the one-year statute of limitations contained in 28 U.S.C. § 2244(d) when asserted in a § 2254 habeas petition. The applicability of the limitations period to Petitioner's claims for federal habeas relief is purely a question of federal law. While Petitioner argues that his claim challenging the validity of his conviction and sentence presents a

---

[1] The objections in each document are the same, except for the fact that document 19 is missing the third page. Presumably, that is why Petitioner submitted the second pleading filed as document 20.

"jurisdictional" claim that is not governed by the one-year limitations period of § 2244(d)(1), "neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law." *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default." (citation and footnote omitted)); *cf. Williams v. United States*, 383 F. App'x 927, 929-30 (11th Cir. 2010) (holding that the one-year statute of limitations set forth in 28 U.S.C. § 2255(f) applies to claims challenging the trial court's jurisdiction brought by a federal prisoner in a motion to vacate under 28 U.S.C. § 2255).

Additionally, Petitioner seemingly asserts he is entitled to equitable tolling. (Doc. 19 at 4, Doc. 20 at 5). However, he does not provide any explanation for why he was unable to file his § 2254 petition in a timely manner. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner has simply not made the requisite showing. Finally, Petitioner states in his objections that he is actually innocent. (Doc. 19 at 5, Doc. 20 at 5). However, Petitioner still fails to argue that he was innocent of the underlying crime or to offer any evidence in support of that innocence.

In light of the above, it is clear that Davidson's application for a writ of habeas corpus is barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d).

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation (doc. 17) and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.  The court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accordance with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice.  An appropriate order will be entered.

The court further finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the court **DECLINES** to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion to Petitioner and counsel for the respondents.

**Done** this 21st day of April 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]